UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MILLER, *et al.*,

    Plaintiffs,

v.

                                  Case No. 24-cv-11799
                                  Hon. Matthew F. Leitman

RYAN MENZEL, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 6)

In 2023, Plaintiffs David Miller and Joni Zuckerbrow-Miller were involved in a motor vehicle accident with Defendant Ryan Menzel (the "Accident"). At the time of the Accident, Menzel was insured under a liability policy (the "Policy") issued by Defendant USAA Casualty Insurance Company ("USAA"). In this action, Plaintiffs seek entry of a judgment declaring that the Policy's coverage limits with respect to the Accident are "$250,000 per individual and $500,000 per occurrence." (Am. Compl., ECF No. 1-3, PageID.37.) Now before the Court is USAA's motion for summary judgment on Plaintiffs' declaratory judgment claim. (*See* Mot., ECF No. 6.) For the reasons explained below, the motion is **GRANTED**.

1

# I

## A

On June 20, 2023, Plaintiffs, who are California residents, were passengers in a vehicle that was driving within the City of Detroit, Michigan. (*See* Am. Compl. at ¶¶ 1, 6, ECF No. 1-3, PageID.31-32.). The vehicle in which Plaintiffs were riding was struck by a vehicle driven by Menzel, a resident of Kentucky. (*See id.* at ¶¶ 2, 7.)

At the time of the Accident, Menzel's vehicle was covered by the Policy. (*See id.* at ¶ 18, 24, PageID.35-36.) The Policy was issued to Menzel in Kentucky, and it identifies itself as a "Kentucky Auto Policy." (Policy, ECF No. 6-2, PageID.84.) The Policy provided coverage for Menzel's vehicle that was "principally garaged" at his Kentucky residence. (*Id.*)

The Amended Declarations page of the Policy identified the "Limits of Liability." (*Id.*) For "bodily injury," the limits were $25,000 per person and $50,000 per accident. (*Id.*)

Another provision of the Policy addressed "Out of State Coverage" (the "Out of State Coverage Provision"). (Policy, ECF No. 6-2, PageID.101.) The Out of State Coverage Provision states:

> If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, your policy will

2

> provide at least the minimum amounts and types of liability coverages *required by law*.

(*Id.*; emphasis added.)

**B**

Plaintiffs originally filed this action against Menzel in the Wayne County Circuit Court on December 14, 2023. (*See* Compl, ECF No. 1-1.) They later filed an Amended Complaint adding USAA as a Defendant. (*See* Am. Compl., ECF No. 1-3.) After the filing of the Amended Complaint, USAA removed this action to this Court based on the Court's diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.)

In the Amended Complaint, Plaintiffs bring a negligence claim against Menzel. (*See* Am. Compl., ECF No. 1-3, PageID.32-35.) They allege that he operated his motor vehicle in an unsafe manner, that his dangerous driving caused the Accident, and that they suffered injuries in the Accident. (*See id.*)

Plaintiffs also seek a declaratory judgment against USAA. They ask the Court to declare that with respect to the Accident, the coverage limits are "$250,000 per individual and $500,000 per occurrence." (Am. Compl., ECF No. 1-3, PageID.37.) According to Plaintiffs, those liability limits apply to the Accident because (1) where, as here, an accident occurs outside of Kentucky, the Out of State Coverage Provision requires USAA to provide "at least the minimum amounts and types of liability coverages required by law" where the accident occurred and (2) "the

3

minimum bodily injury insurance [coverage] limits in Michigan are $250,000 [per person]/$500,000 [per occurrence]." (Resp., ECF No. 9, PageID.162-163.) The coverage limits identified by Plaintiffs are found in Michigan's No-Fault insurance laws, Mich. Comp. Laws § 500.3101, *et seq.* (the "No-Fault Act"). (*See id.*, PageID.162-180.)

On July 25, 2024, USAA moved for summary judgment on Plaintiffs' declaratory judgment claim. (*See* Mot., ECF No. 6.) USAA argues that the Out of State Coverage Provision does not import the coverage limits found in the No-Fault Act into the Policy because the No-Fault Act's coverage limits are not "required by law" with respect to Menzel's vehicle. (*Id.*, PageID.66.) USAA insists that the coverage limits applicable to the Accident are those found in the Policy's Declarations: $25,000 per person and $50,000 per accident. (*See id.*, PageID.67.)

The Court held a hearing on USAA's motion on December 16, 2024. Following the hearing, the Court directed the parties to file a supplemental round of briefing. (*See* Supp. Brs., ECF Nos. 13, 14.) The Court has reviewed the parties' supplemental briefs and is now prepared to rule on the motion.

## II

### A

USAA seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under that rule, a movant is entitled to summary judgment when it

4

"shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

**B**

In order to determine the applicable policy limits, the Court must interpret and apply the Policy. Under Michigan law, "[i]nterpretation of [an insurance] policy is a question of law, and Michigan courts 'look to the language of the insurance policy and interpret the terms therein in accordance with Michigan's well-established principles of contract construction.'" *Federal-Mogul U.S. Asbestos Personal Injury Trust v. Cont'l Cas. Co.*, 666 F.3d 384, 387 (6th Cir. 2011) (quoting *Citizens Ins. Co. v. Pro-Seal Serv. Grp., Inc.*, 730 N.W.2d 682, 685 (Mich. 2007)). Those principles require the Court to "apply unambiguous contract provisions as written." *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005). They also require the Court to enforce "an insurance contract . . . in accordance with its terms. A court

5

must not hold an insurance company liable for a risk that it did not assume." *Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193–94 (Mich. 1999).

## III

As noted above, the Out of State Coverage Provision states that when an accident occurs outside of Kentucky, USAA must provide the minimum liability coverage limits "required by law" where the accident occurs. (Policy, ECF No. 6-2, PageID.101.)  Thus, in order to determine the coverage limits applicable to the Accident, the Court must ask: what coverage limits, if any, does Michigan law "require" with respect to Menzel's vehicle and his operation of that vehicle in Michigan?  The answer: none.

The parties have identified two Michigan statutes that require minimum coverage limits, but neither applies to Menzel and his vehicle.  First, during the initial briefing on USAA's motion for summary judgment, the parties directed the Court to Michigan's Financial Responsibility Act, Mich. Comp. Laws § 257.501, *et seq.*  But both parties now agree that the coverage limits under that law do not apply to Menzel and were not incorporated into the Policy. (*See* Def.'s Supp. Br., ECF No. 13, PageID.242; Pls.' Supp. Br., ECF No. 14, PageID.251-252.)

Second, Plaintiffs point the Court to the coverage limits in the No-Fault Act: $250,000 per person and $500,000 per occurrence. (*See* Resp., ECF No. 9, PageID.173-175, citing Mich. Comp. Laws § 500.3009.)  But the No-Fault Act

applies only to liability policies "issued for delivery in this state *with respect to any motor vehicle registered or principally garaged in this state,*" Mich. Comp. Laws § 500.3009(1) (emphasis added), and it is undisputed that Menzel's motor vehicle was not "registered or garaged" in Michigan. (*See* Resp., ECF No. 9, PageID.166.) Thus, the No-Fault Act did not "require" Menzel to have any minimum coverage limits. Since the No-Fault Act did not "require" anything of Menzel, the No-Fault Act's minimum coverage limits were not imported into the Policy through the Out of State Coverage Provision.

Plaintiffs acknowledge that the No-Fault Act, on its face, does "not control the bodily injury minimums here," but they nonetheless insist that those limits apply in this case. (Resp., ECF No. 9, PageID.167.) Plaintiffs say that those limits control here under the terms of "the Policy itself." (*Id.*) The Court respectfully disagrees. As noted above, the Policy incorporates only those coverage limits that an insured is "required" to have under the laws of the state in which an accident occurred, and since the No-Fault Act did not require anything of Menzel, its coverage limits were not incorporated into the Policy.

Finally, Plaintiffs make one last argument as to why the coverage limits in the No Fault Act apply here. They say that when the Court determines what coverage limits are "required by law" here under the Out of State Coverage Provision, the Court has "only two options": "the No-Fault Act or the Financial Responsibility

7

Act." (Pls.' Supp. Br., ECF No. 14, PageID.253.) And Plaintiffs contend that the No-Fault Act must control here because it is the better option. (*See id.*) But this line of argument rests upon the faulty premise that for purposes of the Out of State Coverage Provision, there *must* be *some* coverage limit "required" by the "law" of other states through which Menzel may drive. That is not so. The Out of State Coverage Provision simply ensured that *if* Menzel was compelled to have certain coverage limitations under the laws of states that he drove through, *then* the Policy would provide those limitations. And, again, since the No-Fault Act did not require Menzel to have any coverage limits, it has no bearing on the coverage limits available for the Accident under the Policy.

### III

For the reasons explained above, USAA's motion for summary judgment (ECF No. 6) is **GRANTED**. With respect to the Accident, the applicable bodily injury liability limits under the Policy are $25,000 per person and $50,000 per accident.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2025, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126